Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| PETER A. BELSAN, | Case No. 2-09-BK-05826 PHX GBN |
| and | **TRUSTEE'S RECOMMENDATION** |
| MICHELE M. BELSAN, | (No hearing) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

The Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

1. The Plan is underfunded as it fails to meet the Chapter 7 reconciliation requirement of the Code. The debtors schedule $8,093.00 equity in non-exempt assets. After deduction of fees and costs, the debtors are required to pay a minimum of $6,374.60 to unsecured, non-priority creditors. Additional Plan yield is required.

2. The Plan provides for the retention and payment of a timeshare resort. The Trustee objects as the Plan fails to compensate unsecured creditors for the retention of this non-exempt asset. The Trustee will withdraw the objection if additional Plan yield is provided to unsecured creditors.

3. The proof of claim filed by Aurora Loan Services differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan; (c) notify the Trustee **in writing** that the

proposed order confirming plan will pay the claim in full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

4. AmeriCredit Financial Services has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

5. The Plan proposes payment of a secured claim to Diamond Resorts FS who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed to Diamond Resorts FS even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor."

6. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2009 and 2010. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

**Plan payment status**: The Debtors' interim payments of $285.00 each are current through due date November 26, 2009. Subsequent payments are due each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by January 11, 2010 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #3, #4 and #5 above; and

(b) Pay to the Trustee the sum of $285.00.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting

parties, which incorporates the requirements of this Recommendation, no later than January 11, 2010. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

                                                                                   _____
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Peter and Michele Belsan
17765 W. Caribbean Lane
Surprise, AZ 85388
Debtor(s)

Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311-1737
Attorney for Debtor(s)

_____
*cherylturner@ch13bk.com*

- 4 -