**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**
**Email: LawOffice@joecharles.com**

Joseph W. Charles, SBN 003038
Attorneys for Debtor/Movant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PETER A. BELSAN<br><br>and<br><br>MICHELE M. BELSAN,<br><br>               Debtors.<br>_____<br>PETER A. BELSAN and MICHELE M. BELSAN,<br><br>               Movants,<br>vs.<br><br>DESERT SCHOOLS FEDERAL CREDIT UNION,<br><br>               Respondent. | Chapter 13 Proceeding<br><br>Case No. 2:09-bk-05826-GBN<br><br>**REPLY TO DESERT SCHOOLS FEDERAL CREDIT UNION'S RESPONSE AND OBJECTION TO MOTION TO AVOID LIEN**<br><br>RE: For the Second Deed of Trust on the Real Property Located at<br>17765 West Caribbean Lane<br>Surprise, AZ 85388 |

    Come now, the Debtors, by and through counsel undersigned, and reply to Desert Schools Federal Credit Union's Response and Objection to Motion to Avoid Lien.

    Respondent misstates the Debtor's position. It is true that on the original schedules the Debtors listed the value of the home as $320,000.00. However, the Debtors have the right to amend their schedules and have done so. The initial value of

- 1 -

the property listed on the schedules was purely an estimation without any basis in research. Listing the value as $320,000.00 was merely a placeholder figure until an appraisal could be performed to learn a more accurate figure. The $320,000.00 figure is not an admission of value at the time of filing. It is no longer the Debtors' belief that the property was worth $320,000.00 at the time of filing.

Secondly, Respondent neglects to mention all of the details of the appraisal submitted. On page 4 of the appraisal submitted to the Court there is a chart. This chart looks back 12 months to get a history of the value of the property. Based on comparable sales, the appraisal estimates the value of the home 12 months ago was $143,500.00. This figure is hardly any different than the current appraised value of $143,000.00 and nowhere near the initial estimation of $320,000.00. In any event, the value 12 months ago is still $72,000.00 less than what is owed on the first Deed of Trust. Therefore, the Respondent had no secured interest in the property at the time of filing and a motion to strip the lien is proper.

WHEREFORE, the Debtor/Movant respectfully requests the Court to allow no more than 30 days for Respondent to submit an appraisal that supports their position that the property is worth more that what is owed on the first Deed of Trust.

DATED this 2nd day of August, 2010.

**JOSEPH W. CHARLES, P.C.**

By: /s/ Joseph W. Charles
    JOSEPH W. CHARLES
    5704 West Palmaire Avenue
    Post Office Box 1737
    Glendale, Arizona 85311
    Attorney for Debtor/Movant

– 2 –

| | |
|---|---|
| 1 | The foregoing was electronically filed |
| 2 | with the Clerk of the Court and a<br>Copy was mailed this 2nd day of |
| 3 | August, 2010 to: |
| 4 | Ronald M. Horwitz |
| 5 | Janessa E. Koenig<br>Jaburg & Wilk, P.C. |
| 6 | 3200 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 |
| 7 | |
| 8 | Russell Brown<br>3838 North Central Avenue, Suite 800 |
| 9 | Phoenix, Arizona 85012-1965 |
| 10 | |
| 11 |     /s/ C. Short |

# EXHIBIT A